BUCHANAN CAPITAL MARKETS, LLC, Formerly Known as MARCUM BUCHANAN ASSOCIATES, LLC, Appellant, v JOANNE DELUCCA et al., Defendants, and MICHAEL CALLAHAN, Respondent. [51 NYS3d 417]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 29, 2016, which granted defendant Michael Callahan's motion to stay arbitration demanded by plaintiff pursuant to CPLR 7503 (c), unanimously affirmed, without costs.

Defendant Callahan entered into an employment agreement with Marcum Buchanan Associates, LLC (Marcum), which

contained noncompete and arbitration clauses, and which provided that Callahan's services "are special, unique and of extraordinary character" and that the parties had "a special confidential relationship." Such personal services contracts generally are not freely assignable (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 482 [2006], *cert dismissed* 548 US 940 [2006]; *Eisner Computer Solutions v Gluckstern*, 293 AD2d 289 [1st Dept 2002]). While covenants not to compete in employment contracts may be assignable without the parties' consent (*id.*), that depends on the parties' intent (*see Archer Worldwide v Mansbach*, 289 AD2d 349 [2d Dept 2001]). Plaintiff Buchanan Capital Markets, LLC (Buchanan), as the proponent of arbitration, "has the burden of demonstrating that the parties agreed to arbitrate the dispute at issue" (*Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd.*, 44 AD3d 581, 583 [1st Dept 2007]), and has failed to provide evidence that the parties intended Callahan's agreement with Marcum "to be assignable when it was originally executed" (*Archer Worldwide* at 349).

Moreover, the evidence does not support Buchanan's contention that there was no assignment, but merely a change of name after Vincent Buchanan purchased Marcum. Vincent Buchanan himself averred that there was an assignment of "assets, rights, and liabilities" from Marcum to Buchanan, and his affidavit fails to establish that Buchanan continued as the same company after the purchase. Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.